Filed 10/19/20  Ammari v. Ammari CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

|  |  |
|---|---|
| RAZAN AMMARI, | B301612 |
| Appellant, | (Los Angeles County Super. Ct. No. 19STRO03216) |
| v. |  |
| SAMI F. AMMARI, |  |
| Respondent. |  |

APPEAL from an order of the Superior Court of Los Angeles County, Steve Cochran, Judge.  Affirmed.

Razan Ammari, in pro. per., for Appellant.

No appearance for Respondent.

————————————

Razan Ammari appeals the trial court's denial of her request for a permanent restraining order against her brother, Sami Ammari. Ms. Ammari contends the trial court violated her right to due process by failing to issue a written order stating its reasons for denying her request for a restraining order, and that substantial evidence supported her request. We find Ms. Ammari has forfeited her claims of error by failing to comply with the basic rules of appellate procedure, and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

We glean the following facts from the rather limited record on appeal: On May 14, 2019, Ms. Ammari filed a request for a restraining order against her brother, Mr. Ammari. Ms. Ammari did not designate the request to be included in the clerk's transcript on appeal. A temporary restraining order issued that same day, ordering that Mr. Ammari stay away from Ms. Ammari and her son Zuhair Sawaged, and that he move out of a Malibu home.

Another hearing was held on August 13, 2019. Ms. Ammari represented herself, and Mr. Ammari was represented by counsel. The court's minutes state both Ms. Ammari and Mr. Ammari were sworn, and we presume they testified. The minutes state Los Angeles County Sheriff's Deputy Jorge Leon and Mr. Sawaged testified. The minutes state a court reporter reported the proceedings, but the reporter's transcript of this hearing was not included in the record on appeal.

On August 23, 2019, Mr. Ammari filed an ex parte application seeking an order staying the move-out portion of the temporary restraining order. According to the application, Ms. Ammari and Mr. Ammari were parties to a joint venture agreement to rent the Malibu property through Airbnb and other

2

services for a profit.  Ms. Ammari owned the property, and Mr. Ammari made improvements to and managed the property. Ms. Ammari had sued Mr. Ammari for trespass and unsuccessfully sought to evict Mr. Ammari by an unlawful detainer action.  Mr. Ammari obtained a restraining order against Ms. Ammari.  Mr. Ammari had pending Airbnb reservations for the property, and denying him access to the property would interfere with his business.

The trial court amended the temporary restraining order to remove the move-out condition, and to allow Mr. Ammari access to the property.

On August 28, 2019, Ms. Ammari filed a declaration testifying she is in "need of no intruders, no cars, vans, buses, no Airbnb, no prostitutes, no porn in my property."  The declaration included several attachments, such as copies of e-mails, a mortgage statement for the Malibu property, some blurry photos purporting to show an Airbnb sign and pictures of a naked woman, screenshots of a number of text messages sent to Ms. Ammari accusing her of being a liar and thief, and screenshots of Airbnb reviews.

Another hearing was held on September 3, 2019.  The transcript of these proceedings is in the record on appeal.  The court asked Ms. Ammari if she had any more evidence to submit in support of her request for a restraining order, and Ms. Ammari stated she had provided all of the relevant documents to the court.  She tried to introduce hearsay evidence of statements by her husband, who was not present to testify.  The court sustained Mr. Ammari's objection, and found Ms. Ammari had concluded her case.

Mr. Ammari testified that he was not the author of the text messages.  He denied ever threatening Ms. Ammari, physically fighting with her, calling her names, or removing her possessions from the property.

The court stated it found the parties had a business dispute that did not constitute a threat to Ms. Ammari's safety, and the evidence was insufficient to support issuance of a restraining order.  Ms. Ammari did not request a statement of decision.

Ms. Ammari filed a timely notice of appeal.  Her notice designating the record on appeal omitted relevant filings and transcripts, including the transcript of the August 13 hearing, and the original petition detailing the nature of the dispute between the parties and the basis for the requested relief.

## DISCUSSION

Ms. Ammari contends the trial court violated her right to due process by not giving a written "reasoned decision" in support of its order dismissing her case.  She also contends substantial evidence supported her requested order.  Her claims of error fail for a number of reasons.

First, Ms. Ammari never requested a written statement of decision from the court, so the court was under no obligation to provide one.  (Code Civ. Proc., § 632.)

Second, we cannot evaluate the sufficiency of the evidence without the petition requesting the restraining order or the reporter's transcript of the August 13 hearing, at which witnesses testified.  " 'A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of

4

the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  It is the appellant's burden on appeal to produce a record " 'which overcomes the presumption of validity favoring [the] judgment.' " (*Webman v. Little Co. of Mary Hospital* (1995) 39 Cal.App.4th 592, 595.) " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' " (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) Ms. Ammari has failed to provide an adequate record here.

Last, Ms. Ammari's brief contains almost no citations to the record, and does not attempt to fairly summarize the evidence before the trial court.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 [we may disregard any claims when no appropriate reference to the record is furnished]; Cal. Rules of Court, rule 8.204(a)(2)(C) [an appellant must recite in the opening brief all "significant facts"]; see also *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 [an appellant must discuss all material facts, and not just facts favorable to her position].)

## DISPOSITION

The order is affirmed.  No costs are awarded.


GRIMES, Acting P. J.


WE CONCUR:

STRATTON, J.



WILEY, J.


5